

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GMP:JPL
F. #2018R00178

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 28, 2019

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Cristian Perez
               Criminal Docket No. 18-139 (S-2) (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in connection with the defendant Cristian Perez's sentencing, which is scheduled for July 16, 2019 at 3:00 p.m.  On December 20, 2018, the defendant pled guilty to count eight of the above-referenced second superseding indictment, in violation of Title 18, United States Code, Section 3.  For the reasons set forth below, the government respectfully requests that the Court impose a sentence within the applicable advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range.

I.     Background

      The defendant was an associate of the 18th Street gang ("18th Street"), a violent street gang comprised primarily of immigrants from Central America and Mexico with members located throughout New York State and elsewhere, divided into local chapters or "canchas."  Presentence Investigation Report dated May 22, 2019 ("PSR") ¶ 3.[1]  18th Street members regularly engage in murder, attempted murder, assault, robbery, drug

---

[1] On June 27, 2019, the government submitted a letter to the United States Probation Department setting forth various factual and legal objections to the PSR, including as to the Guidelines calculation set forth therein.  See ECF Docket Entry No. 137 (the "Gov. PSR Objections Ltr.").  So as not to burden the Court with duplicative filings, those objections are incorporated herein by reference and not repeated unless otherwise necessary.

trafficking and human trafficking, among other crimes, to maintain or increase their position within 18th Street.  Id.

   The defendant's crime of conviction stems from the October 2017 stabbing, murder and mutilation of Jonathan Figueroa ("Figueroa"), a fellow 18th Street member, in Turkey Point State Forest, Saugerties, New York (the "Turkey Point Murder").  See id. ¶ 5. In the late night of October 24, 2017, co-defendant Yanki Misael Cruz-Mateo ("Cruz-Mateo") travelled with Figueroa from Queens, New York to Kingston, New York, planning to murder Figueroa because 18th Street members suspected Figueroa of being an informant for law enforcement.  See id. ¶¶ 5, 9.  Upon their arrival in Kingston, Cruz-Mateo and Figueroa were met by other 18th Street members and associates.  See id. ¶ 9.  In the early morning hours of October 25, 2017, Cruz-Mateo and the other 18th Street members and associates brought Figueroa to Turkey Point State Forest, brutally stabbed him to death and buried him in a makeshift grave.  See id. ¶¶ 5-9.  The Turkey Point Murder was captured on video, which depicted multiple 18th Street members and associates repeatedly stabbing Figueroa, slashing his throat, amputating his ear, and otherwise manipulating his body.  Id. ¶ 6.  The defendant was present in the vicinity of Turkey Point during the murder, but did not participate in the murder, or know about it in advance.  See id. ¶¶ 5, 9(e), 10, 23.  Instead, the defendant served as a lookout for law enforcement in Turkey Point while his fellow gang members carried out the heinous murder; he learned about the murder immediately after the fact.  See id. ¶ 23.  Following the Turkey Point Murder, Cruz-Mateo returned to Queens.

   On February 2, 2018, Cruz-Mateo murdered Oscar Antonio Blanco-Hernandez ("Blanco-Hernandez") in Queens because Blanco-Hernandez was suspected by 18th Street members of being a member of the rival MS-13 gang (the "Queens Murder").  See id. ¶ 11. The Queens Murder was publicly reported throughout the New York City metropolitan area and, as a result of the media attention, Cruz-Mateo fled the area and returned to Kingston to avoid detection by law enforcement.  See id. ¶¶ 11, 15.  In Kingston, knowing about Cruz-Mateo's roles in both the Turkey Point Murder and Queens Murder, the defendant sheltered Cruz-Mateo in his residence to assist Cruz-Mateo's efforts to avoid being apprehended and prosecuted.  See id. ¶ 23.  On February 20, 2018, following a statewide manhunt for Cruz-Mateo that lasted for at least 10 days, he was arrested shortly after exiting the defendant's residence.  See id. ¶¶ 12-13, 16.

   On February 23, 2018, the defendant was arrested by federal law enforcement officers pursuant to a criminal complaint charging him with one count of assisting a federal offender, in violation of Title 18, United States Code, Section 3.  See id. ¶ 22; see also February 22, 2018 Complaint, ECF Docket Entry No. 1.  He was subsequently indicted by a grand jury sitting in this District and charged as such.  On December 20, 2018, the defendant pled guilty pursuant to a plea agreement before the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge for the Eastern District of New York, to count eight of the above-referenced second superseding indictment, in violation of Title 18, United States Code, Section 3.  See PSR ¶ 1.

II.     Sentencing Guidelines

        The government respectfully submits that the following Guidelines apply to
the defendant:

|  |  |  |
|---|---|---|
| Base Offense Level (§ 2X3.1(a)(1) and (a)(3)(B)) | | 30 |
| Less:  Mitigating Role (§ 3B1.2(b)) | | -2 |
| Less:  Acceptance of Responsibility (§ 3E1.1(a) and (b)) | | <u>-3</u> |
| Total: | | <u>25</u> |

Because the defendant is within Criminal History Category I, see PSR ¶ 41, the
corresponding Guidelines range of imprisonment is 57 to 71 months.[2]

III.    Analysis

        The government respectfully requests that the Court impose a sentence within
the applicable advisory Guidelines range.  Such a sentence would reflect the seriousness of
the defendant's offense, promote respect for the law, provide adequate deterrence to the
defendant and to others contemplating similar acts, and be sufficient, but not greater than
necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

        A.      Nature and Circumstances of the Offense and
                History and Characteristics of the Defendant

        The nature and circumstances of the offense underscore the need for a
Guidelines sentence in this case.  The defendant's actions impaired, delayed and obstructed
the administration of justice, while allowing a dangerous fugitive to roam free, potentially
jeopardizing the lives and safety of additional individuals including law enforcement officers
tasked with locating and apprehending that gang member.

        The defendant did not merely harbor Cruz-Mateo as a fugitive long after the
Turkey Point Murder and Queens Murder.  Serving as a gang lookout, the defendant was
physically nearby during the Turkey Point Murder and facilitated its commission without
detection.  Indeed, Figueroa's body was not even discovered by law enforcement until four
months after he was murdered.  Although the defendant did not know in advance about the
murder itself, there is little doubt that he understood he was generally furthering 18th Street's
unlawful objectives.  Furthermore, after the defendant learned not only about the Turkey

_____

        [2] The proposed Guidelines calculation is consistent with that set forth in the
defendant's plea agreement, and the defendant stipulated to the proposed calculation in the
plea agreement.  Additionally, for the reasons set forth in the Gov. PSR Objections Ltr., the
proposed Guidelines calculation differs from that in the PSR by including a two-point
mitigating role reduction pursuant to U.S.S.G. § 3B1.2.

Point Murder, but also about the Queens Murder, he continued to associate with 18th Street and further the gang's unlawful objectives by rendering assistance to one of its members for the purpose of preventing his apprehension by law enforcement.

Despite the defendant's difficult childhood, upon relocating to Kingston in 2014, the defendant seemingly discovered modest age-appropriate educational and employment opportunities previously unavailable to him.  Nevertheless, the defendant squandered such opportunities and, instead, pursued an affiliation with 18th Street, ultimately furthering the gang's violent and destructive goals.

      B.      Need to Reflect Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment and Afford Adequate Deterrence

Other sentencing factors further emphasize the need for a Guidelines sentence. First, rendering assistance to a federal offender for the purpose of hindering or preventing that offender's apprehension is a serious offense in any circumstance.  Yet, doing so where, as here, that offender is an extremely violent gang member who has committed multiple premeditated murders is particularly serious.

Second, the defendant's conduct and crime of conviction demonstrate his willing disregard for the law and preference for organized gang activity.  Indeed, at bottom, the defendant's conduct and role within 18th Street was to create a buffer between gang members and law enforcement to prevent law enforcement from apprehending his dangerous co-defendants.

Third, the Court should send an appropriately strong message to the defendant, as well as to other similarly situated gang associates, that providing any form of assistance to violent gangs and gang members will be met with meaningful consequences proportionate to the level of assistance rendered.  Notably, the defendant's role in the offense, position within 18th Street, acceptance of responsibility and lack of criminal history are already accounted for in the proposed Guidelines calculation.  The Guidelines range thus reflects the relatively minor position the defendant occupied within 18th Street while also accounting for the harm to society, and delay of justice for Figueroa's and Blanco-Hernandez's families, caused and perpetuated by the defendant.

IV.    <u>Conclusion</u>

   For the reasons set forth above, the government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary to achieve the goals of sentencing pursuant to 18 U.S.C. § 3553(a), which, in this case, is within the applicable Guidelines range of imprisonment.

       Respectfully submitted,

       RICHARD P. DONOGHUE
       United States Attorney

   By:     /s/     
       Jonathan P. Lax
       Soumya Dayananda
       Assistant U.S. Attorneys
       (718) 254-6139/7996

cc:  Susan G. Kellman, Esq. (counsel to defendant) (by ECF and e-mail)
   U.S.P.O. Angelica Deniz (by e-mail)