# Law Offices of Susan G. Kellman

25 Eighth Avenue • Brooklyn, New York 11217
(718) 783-8200 • Fax (718) 783-8226 • SGK@KELLMANESQ.COM
Fellow, American College of Trial Lawyers

June 29, 2018

**VIA ECF and EMAIL**
Hon. LeShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                              Re:    *U.S. v. Cristian Perez*
                                      18 Cr. 139 (LDH)

Dear Judge DeArcy Hall:

      I write in connection with the upcoming sentencing of my young client Cristian Perez.

      It is rare that I write a sentencing letter such as this – in that I agree with the government on the essentials of my client's role and participation in the crime to which he has pleaded guilty. Specifically, we agree that Mr. Perez: (1) was not a member of 18th Street; (2) did not conspire to bring about the murder if Jonathan Figueroa; (3) was not involved in the planning of the Figueroa murder; (4) played no role in the actual murder[1]; and (5) played no role in the aftermath of the murder – except to permit his co-defendant to reside in his apartment some five months after the murder – which had the effect of hindering his detection.[2]

      Indeed, as set forth in paragraph 23 of the PSR, Perez was a low-level associate of 18th Street – which is a polite way of saying that if he smiled in their direction and helped them – if and when he could – they would leave him alone. Mr. Perez has never denied being present at Turkey Point Park at the time of the murder; however, the government's assertion that the defendant had served as a "look out" and "facilitated" the commission of the murder – is unfair and unsupported. Other than sitting in the car – where he remained throughout the entirety of the events as they unfolded – Cristian played no part in Jonathan Figueroa's murder.

---

[1] While the government alleges that Mr. Perez was in Turkey Point Park with the others at the time of the murder – and that he may have even acted as a "look out" – the government does not believe that he was aware of the purpose of the trip to the park and did not learn of Mr. Figueroa's murder until after the fact.

[2] It is worth mentioning that Mr. Figueroa was murdered in October, 2017; however, Mr. Perez was not "asked" to house his co-defendant until February 2018.

Section 3553(a) Mitigating Factors

Sadly, Cristian Perez' entire life has been an amalgam of mitigating factors. The PSR amply articulates Mr. Perez' horrific beginnings in Guatemala. Cristian, who was raised in abject poverty. He explained that he was abandoned by his mother when he was four years old because he resembled his father – whom she hated. Thereafter, he was juggled from one home that didn't want him to another. When his living conditions became unbearable at one relative's home, he'd be moved to the home of another extended family member. After more than a decade of not knowing where he would wake up on any given day, Cristian, still a teenager, fled – alone – to the United States in the hopes of obtaining asylum and a chance to start life on his own terms.

Upon arriving in Corpus Christi, Tx., he immediately filed the paperwork necessary to receive asylum, and he moved into an apartment in Kingston, NY, to be with his younger brother, Barker, and other unrelated tenants. Cristian and Barker were lucky enough to connect with the Immigration Clinic at Albany Law School, which enabled them to pursue asylum applications.[3] I have spoken with the lawyers at the clinic at Albany Law School and they confirm that my client's application for asylum has been denied.

The government notes that upon relocating to Kingston in 2014, Cristian pursued "age-appropriate educational and employment opportunities previously unavailable to him". The government then concludes that Cristian "squandered these opportunities to pursue an affiliation with 18th Street, ultimately furthering the gang's violent and destructive goals." It is respectfully submitted that this analysis ignores so many realities of Cristian's life – like the relative balance of power between 18th Street and a young man, such as himself – alone in a country where he lacked virtually all of the fundamental elements that we need to thrive – or even to survive – family support, language, education and financial resources.

So, what is more is there to say about Cristian Perez? Sadly, the ultimate punishment for him is not incarceration – it is being sent back to Guatemala. Since arriving at the MDC in February 2018, Cristian has had no visitors or contact with anyone – except for his attorney and an interpreter. And, when this nightmare ends – with or without additional time behind bars – he will be sent back to Guatemala – which offers him nothing but continued nightmares.

---

[3] I offer this anecdote for your Honor, in order to assist the Court in understanding just how clueless my client is – one of his biggest concerns regarding a guilty plea in this case was the impact pleading guilty to a felony "might" have on his asylum petition.

For one so young – Cristian Perez is alone in this world. He does not know where to find his father or his brother. Indeed, he doesn't know if his brother has been deported or is in hiding.[4]

I can't imagine what it means to be completely alone in the world – but I had a fleeting sense of Cristian's complete sense of isolation after he pleaded guilty. Following his guilty plea, he asked me if he would ever see me again – as if to say – if not you – who, if anyone, will be next?

Cristian Perez reminds me of the opposite of Whitney Huston's famous song – "The Greatest Love Of All" – and the line "You can't take away my dignity…" – but Cristian Perez has no dignity to take – he has nothing – and whether he is sent back to Guatemala now or in six weeks, six months or six years – is of no moment to Cristian – because he has no place or person to go home to.

It is respectfully submitted, that a sentence of time served, which would be the equivalent of a three-year sentence, when you calculate his time at the MDC, with good time credit and the months that he will likely spend in immigration custody awaiting deportation. It is respectfully submitted that such a sentence is, "sufficient but not greater than necessary" to carry out sentencing objectives of 18 U.S.C. § 3553(a), and would give Cristian a chance to try again at a new life – though the doors to the United States will no longer be an option for him.

Cristian has asked that I thank your Honor for the kindness that you have shown him.

Respectfully submitted,

/s/

Susan G. Kellman

---

[4] Counsel has learned that, because of his age at the time of Cristian's arrest, his brother Barker was placed in foster care; however, according to the lawyers at Albany Law School, Barker aged out of foster care and they have not been able to locate him.